IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-41089

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL SOLIS,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Texas
9:00-CR-59-1

---

February 21, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joel Solis appeals his conviction following his guilty plea to possession with intent to distribute marijuana, a violation of 21 U.S.C. § 841(a)(1). He specifically reserved his right to appeal the district court's denial of a motion to suppress evidence seized during a search of his vehicle. On appeal, he argues that there

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

was no probable cause for the initial traffic stop, that his continued detention was not reasonably related to the initial stop, and that his consent to search was not voluntary. In an appeal from a ruling on a motion to suppress, this court reviews conclusions of law *de novo* and factual findings for clear error, viewing the evidence in the light most favorable to the party that prevailed in district court.[1]

An officer's "decision to stop [a vehicle] is reasonable where the police have probable cause to believe that a traffic violation has occurred."[2] In this case, the arresting officer testified that he observed Solis following another vehicle by less than two car lengths, while driving his "18-wheeler" at speeds between 35 and 55 miles per hour. Solis does not dispute that following too closely is a traffic violation in Texas. The district court's finding that the officer had probable cause to believe a traffic violation had occurred was not clearly erroneous.

The officer testified that he also suspected that Solis may have been either intoxicated or drowsy; however, he also testified that he quickly determined that Solis was neither intoxicated nor drowsy. Solis ultimately received a written warning for the traffic violations. After he received these written warnings, the

---

[1] *See United States v. Castro*, 166 F.3d 728, 731 (5th Cir. 1999) (*en banc*).

[2] *Whren v. United States*, 517 U.S. 806, 810 (1996).

justification for the initial traffic stop ended, and Solis should have been free to go; except as we will explain, any continued detention threatened a violation of his Fourth Amendment rights.[3]

A detention may be extended, however, if the officer has a "reasonable suspicion supported by articulable facts" that the subject is involved in some other illegal activity.[4] A reviewing court "must look at the totality of the circumstances and consider the collective knowledge and experience of the officers involved."[5] Based on the officer's experience with commercial vehicles and the information he obtained from Solis' logbook and his answers to questions, we conclude that the officer had a reasonable suspicion that Solis was involved in illegal activity. Therefore, Solis' detention was properly extended.

We assess the voluntariness of consent under the tests set forth in *Jones*.[6] Solis has failed to show that the district court's finding of voluntary consent "was clearly erroneous or influenced by an incorrect view of law."[7]

---

[3] *See United States v. Machuca-Barrera*, 261 F.3d 425, 432 (5th Cir. 2001) (stating, "Once the purpose justifying the stop has been served, the detained person must be free to leave").

[4] *See United States v. Jones*, 234 F.3d 234, 241 (5th Cir. 2000).

[5] *Id.*

[6] *See* 234 F.3d at 242.

[7] *United States v. Shabazz*, 993 F.2d 431, 439 (5th Cir. 1993).

In light of the foregoing, the order of the district court denying Solis' motion to suppress is AFFIRMED.